IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENNETH D. WHITE,** | |
| Petitioner, | |
| v. | Case No. 22-CV-00546-SPM |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is a Motion for Reconsideration (Doc. 32) filed by Petitioner Kenneth D. White, an inmate incarcerated at the Forrest City Low Federal Correctional Institution in Forrest City, Arkansas. White's Motion requests to reopen proceedings relating to his Amended Motion to Attack, Set Aside, or Vacate Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. 9). The Court dismissed White's Amended Motion with prejudice on January 25, 2024. (*See* Docs. 30, 31). White filed the instant Motion on February 5, 2024. (*See* Doc. 32).

In this new filing, White again argues that his counsel was ineffective for failing to argue various defense strategies; that the jury should have received instructions on the entrapment by estoppel defense; and that sting operations like that which led to his arrest and conviction are "legal racketeering." (Doc. 32, p. 13; *see generally id.*). White asserts that he is bringing the instant Motion pursuant to Federal Rule of Civil Procedure 59(e). (*See id.*, p. 1). He asks for this Court to permit

him a "third shot" at making his argument and argues that his case should be allowed to continue. (*Id.*).

First, Rule 59(e) covers relief from a trial and/or a judgment and is inapplicable in a motion brought pursuant to 28 U.S.C. § 2255. Even considering his Motion under Rule 60 (which permits relief from orders and from judgments), White's Motion merely reiterates and repackages his previous requests for relief. Critically, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (quoting *Dickerson v. Board of Educ.*, 32 F.3d 1114 (7th Cir. 1994)); *see Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008)). Federal Rule of Civil Procedure 60(b) states that a party may seek relief from a judgment for one or more of the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence"; (3) "fraud"; (4) "the judgment is void"; (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reason that justifies relief." White does not claim that new evidence has been discovered which was not known at the time of his earlier petitions. Moreover, there is no reason why any of his arguments could not have been raised in prior filings, meaning that they are procedurally defaulted. Thus, because his Motion for Reconsideration is simply a rehash of previously delivered arguments, he has not met the high standard for relief under Rule 60.

Additionally, because White employs this Motion to reargue the claims previously alleged in his Amended Motion (Doc. 9); his Supplement (Doc. 18); and his Response to the Government's Response to his § 2255 Motion (Doc. 21), the Court considers the instant Motion as a successive motion filed pursuant to 28 U.S.C. § 2255. Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts is clear that an order from the cognizant Court of Appeals is *required* for the District Court to consider a successive § 2255 motion brought on claims which were already decided on the merits (as here). Thus, the District Court is without jurisdiction to consider the instant Motion. Should White wish to appeal this Court's ruling, he must seek a certificate of appealability from the Seventh Circuit. Similarly, should he wish to file a successive § 2255 Motion, he must also obtain certification from the Seventh Circuit.

Therefore, for the reasons set forth above, Kenneth D. White's Motion for Reconsideration (Doc. 32) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  February 27, 2024**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
